ARNOLD & PORTER KAYE SCHOLER LLP
SHARON DOUGLASS MAYO (SBN 150469)
sharon.mayo@apks.com
Three Embarcadero Center, 10th Floor
San Francisco, CA  94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400

KATHRYN W. HUTCHINSON (SBN 310816)
kathryn.hutchinson@apks.com
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WB MUSIC CORP., JORDAN ROCKS MUSIC, EXPERIENCE HENDRIX, L.L.C., and HERBILICIOUS MUSIC,<br><br>Plaintiffs,<br><br>v.<br><br>PREMIUM DEVELOPMENT L.L.C. and ORRIN DAY,<br><br>Defendants. | Case No.:  **'17CV0179 GPC NLS**<br><br>COMPLAINT FOR VIOLATIONS OF COPYRIGHT ACT<br><br>(17 U.S.C. §§ 101 et seq.) |

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a) and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3 and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant Premium Development, L.L.C. ("Premium Development"), is a limited liability company organized under the laws of the state of California with offices at 850 Main Street, Suite 200, in Ramona.

6. At all times hereinafter mentioned, Premium Development did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Ramona Main Stage, located at 626 Main Street in Ramona.

7. Musical compositions were and are publicly performed at Ramona Main Stage.

8. On information and belief, defendant Orrin Carl Day, Jr. ("Day" together with Premium Development, the "Defendants") is an individual who resides and/or does business in this District.

---

* All references to "Columns" herein refer to the numbered columns set forth in SCHEDULE A.

9. At all times hereinafter mentioned, Day was, and still is, a Managing Member of Premium Development.

10. At all times hereinafter mentioned, Day was, and still is, responsible for the control, management, operation and maintenance of the affairs of Premium Development.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Ramona Main Stage, including the right and ability to supervise and control the public performance of musical compositions at Ramona Main Stage

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Ramona Main Stage.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

13. Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 600,000 songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

    (a) On March 1, 2010, Defendants entered into a license agreement with ASCAP.

    (b) Defendants, however, failed to pay license fees as required by the

1
2
license agreement, and on September 30, 2015, upon due notice, ASCAP terminated the agreement for default.

3
4
5
6
7
8
        (c)   Despite repeated reminders of their liability under the United States Copyright Law, Defendants have continued to perform publicly copyrighted musical compositions written and owned by ASCAP's members at Ramona Main Stage, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

9
10
11
12
13
16.   Since September 30, 2015, ASCAP representatives have made attempts to contact the Defendants, or their representatives, agents, or employees, offering to reinstate the ASCAP license for Ramona Main Stage upon payment of the outstanding fees due to ASCAP. ASCAP has contacted Defendants by phone, by mail, by facsimile, by email, and in person.

14
15
17.   Defendants have refused all of ASCAP's license offers for Ramona Main Stage.

16
17
18
18.   ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Ramona Main Stage constitute copyright infringement.

19
20
19.   The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

21
22
23
20.   The original musical compositions in Column 3 were published on the date stated in Column 5, and since the date of registration have been printed and published in strict conformity with Title 17 of the United States Code.

24
25
26
27
28
21.   The Plaintiffs named in each cause of action, including their predecessors-in-interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

22. The composition listed in Cause of Action 2 is now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyright. The Register of Copyrights thereupon issued Certificates of Registration of the respective claims to the renewal of copyrights in the name of those claimants listed in Column 7. The dates and identification numbers of such certificates are set forth in Column 8.

23. Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at Ramona Main Stage, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

24. The public performances at Ramona Main Stage of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: Neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

25. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

26. The many unauthorized performances at Ramona Main Stage include the performances of the three (3) copyrighted musical compositions upon which this action is based.

27. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

28. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said

Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

1. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions—or any of them—and from causing or permitting the said compositions to be publicly performed at Ramona Main Stage, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

2. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

3. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

4. For such other and further relief as may be just and equitable.

Dated:  January 31, 2017                ARNOLD & PORTER KAYE SCHOLER LLP


By:  */s/ Kathryn W. Hutchinson*
SHARON DOUGLASS MAYO
sharon.mayo@apks.com
Three Embarcadero Center, 10th Floor
San Francisco, CA  94111

KATHRYN W. HUTCHINSON
kathryn.hutchinson@apks.com
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017

## Schedule A

Columns

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Renewal Claimant | Renewal Certificate Date and Number | Date of Known Infringement |
| 1. | WB MUSIC CORP.<br><br>JORDAN ROCKS MUSIC | CONTROL | Wesley Reid Scantlin<br><br>Brad Stewart | August 28, 2001 | PA 1-075-309 | | | October 15, 2016 |
| 2. | EXPERIENCE HENDRIX, L.L.C. | FOXY LADY | Jimi Hendrix | March 20, 1968 | EP 259-292 | James A. Hendrix | RE 736-549 September 17, 1996 | June 18, 2016 |
| 3. | WB MUSIC CORP.<br><br>HERBILICIOUS MUSIC | PONY | Tim Mosley<br><br>Elgin Lumpkin<br><br>Steve Garrett | August 20, 1996 | PA 865-915 | | | October 15, 2016 |